UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------- x
JOHN PURCELL,                                                :
                                                             :
                              Plaintiff,                     :
                                                             :
           -against-                                         : Civil Action No. 16-cv-3555
                                                             : (JMA)(AKT)
NEW YORK INSTITUTE OF TECHNOLOGY-                            :
COLLEGE OF OSTEOPATHIC MEDICINE,                             :
                                                             :
                              Defendant.                     :
                                                             :
------------------------------------------------------------- x

## DEFENDANT'S MEMORANDUM OF LAW IN
## SUPPORT OF ITS MOTION TO DISMISS
## THE AMENDED COMPLAINT

Clifton, Budd & DeMaria, LLP
*Attorneys for New York Institute of Technology*
The Empire State Building
350 Fifth Avenue, Suite 6110
New York, New York 10118
(212) 687-7410
Fax: (212) 687-3285

Of Counsel:
Douglas P. Catalano, Esq.
Stefanie R. Munsky, Esq.
Jamie Lang, Esq.

## **TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ................................................................................................ ii

PRELIMINARY STATEMENT ...........................................................................................1

STATEMENT OF FACTS ....................................................................................................2

      I.     PURCELL'S ENROLLMENT IN THE PROGRAM ...............................................2

      II.    PURCELL'S TERMINATION FROM THE PROGRAM ......................................3

      III.   PURCELL'S CURRENT ACTION .........................................................................4

ARGUMENT ..........................................................................................................................5

      I.     STANDARD FOR GRANTING A MOTION TO DISMISS ..................................5

      II.    PURCELL'S CLAIMS SHOULD BE DISMISSED AS HIS REMEDY TO CHALLENGE NYIT'S DECISION WAS TO COMMENCE A PROCEEDING UNDER ARTICLE 78 OF THE C.P.L.R. .................................................................................................................6

            A.    JUDICIAL REVIEW OF ACADEMIC AND ADMINISTRATIVE DECISIONS BY NYIT IS LIMITED TO ARTICLE 78 PROCEEDINGS ................................................................................................6

            B.    AS NYIT DISMISSED PURCELL FROM THE PROGRAM FOR ACADEMIC AND ADMINISTRATIVE REASONS, PURCELL'S REMEDY WAS TO COMMENCE AN ARTICLE 78 PROCEEDING .........................8

CONCLUSION .....................................................................................................................12

## **TABLE OF AUTHORITIES**

**Page**

**CASES**

*Alrqiq v. New York Univ.*,
   42 Misc. 3d 1225(A) (Sup. Ct., N.Y. Co. 2014), *aff'd* 127 A.D.3d 674 (1st
   Dep't 2015) ............................................................................................................... 9, 10

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ................................................................................................... 5, 6

*Bell Atlantic Corp v. Twombly*,
   550 U.S. 544 (2007) ................................................................................................... 5, 6

*Bottalico v. Adelphi Univ.*,
   299 A.D.2d 443 (2d Dep't 2002) ..................................................................................... 6

*Byerly v. Ithica College*,
   290 F.Supp.2d 301 (N.D.N.Y. 2003) ............................................................................. 10

*Demas v. Levitsky*,
   291 A.D.2d 653 (3d Dep't 2002) ..................................................................................... 7

*Diehl v. St. John Fisher Coll.*,
   278 A.D.2d 816 (4th Dep't 2000) .................................................................................... 7

*Eidlisz v. New York Univ.*,
   15 N.Y.3d 730 (2010) .................................................................................................... 11

*Flores v. New York Univ.*,
   79 A.D.3d 502 (1st Dep't 2010) .................................................................................... 10

*Frankel v. Yeshiva Univ.*,
   37 A.D.3d 760 (2d Dep't 2007) ....................................................................................... 7

*Gary v. New York Univ.*,
   48 A.D.3d 235 (1st Dep't 2008) ...................................................................................... 8

*Gertler v. Goodgold*,
   107 A.D.2d 481 (1st Dep't 1985) .................................................................................... 8

*Jennings v. Teachers Coll.*,
   29 Misc. 3d 1236(A) (Sup. Ct. N.Y Co 2010) ................................................................. 8

*Keles v. Trustees of Columbia Univ. in City of New York*,
   74 A.D.3d 435 (1st Dep't 2010) ...................................................................................... 6

*Kickertz v. New York Univ.*,
   110 A.D.3d 268 (1st Dep't 2013) .................................................................................... 6

*Kraft v. Yeshiva Univ.*,
   2001 WL 1191003 (S.D.N.Y. Oct. 5, 2001) .................................................................... 8

*Lane v. Pace Univ.*,
   2012 WL 2064960 (Sup Ct. N.Y. Co. May 31, 2012) ................................................... 11

*Maas v. Cornell Univ.*,
　　94 N.Y.2d 87 (1999) ........................................................................................................ 8

*Miyahara v. Majsak*,
　　117 A.D.3d 812 (2d Dep't 2014) ..................................................................................... 7

*Omega Homes v. City of Buffalo*,
　　4 F.Supp.2d 187 (W.D.N.Y. 1998), *aff'd*, 171 F.3d 755 (2d Cir. 1999),
　　*cert denied*, 528 U.S. 874 (1999) .................................................................................... 5

*Pell v. Trustees of Columbia Univ.*,
　　1998 WL 19989 (S.D.N.Y. Jan. 21, 1998) ..................................................................... 11

*Radin v. Albert Einstein Coll. of Med. of Yeshiva Univ.*,
　　2005 WL 1214281 (S.D.N.Y. May 20, 2005) .............................................................. 7, 8

*Silverman v. New York Univ. School of Law*,
　　193 A.D.2d 411 (1st Dep't) ............................................................................................ 10

## STATUTES

42 U.S.C. § 12182 ......................................................................................................................... 5

New York State Executive Law § 296 ...................................................................................... 5, 9

## RULES

C.P.L.R. Article 78 ............................................................................................................... passim

F.R.C.P. 12(b)(6) ............................................................................................................... 1, 5, 12

**PRELIMINARY STATEMENT**

Defendant New York Institute of Technology[1] ("NYIT") submits this memorandum of law in support of its motion to dismiss Plaintiff John Purcell's ("Purcell" or "Plaintiff") Amended Complaint (the "Amended Complaint") pursuant to Federal Rule of Civil Procedure 12(b)(6).

Purcell, a former medical student at NYIT's College of Osteopathic Medicine (the "Program"), commenced this action in May 2016, nearly three (3) years after he was dismissed from the Program in June 2013 for academic and administrative reasons. While Purcell has styled his claims against NYIT as discrimination claims in the Amended Complaint, Purcell's claims are actually a challenge to the propriety of Purcell's dismissal from the Program. As such, Purcell was required to commence an action pursuant to Article 78 of the C.P.L.R. if he wished to challenge NYIT's decision to dismiss him from the Program for academic or administrative reasons. This action is simply an attempt by Purcell to circumvent the applicable four-month statute of limitations under Article 78 of the C.P.L.R., which has expired, and take advantage of the longer statute of limitations for discrimination claims.

For the reasons set forth herein, this Court should dismiss the Amended Complaint.

---

[1] The Amended Complaint improperly names Defendant New York Institute of Technology as "New York Institute of Technology-College of Osteopathic Medicine." The College of Osteopathic Medicine is a college of NYIT, and not a separate legal entity.

## STATEMENT OF FACTS

For purposes of this motion only, the facts as alleged by Purcell in the Amended Complaint are assumed to be true.[2]

### I.   PURCELL'S ENROLLMENT IN THE PROGRAM

Commencing in 2009, Purcell was a medical student at NYIT's College of Osteopathic Medicine.  (Am. Compl., ¶¶ 8, 10, 45).  Upon enrollment in the Program, NYIT provided Purcell with NYIT's policies regarding academic criteria for graduation, EEO policies and appeal procedures.  (Am. Compl., ¶ 6).

According to Purcell, he suffers from ADHD and Anxiety.  (Am. Compl., ¶¶ 9, 10).  Purcell contends that his "disabilities were common knowledge among the faculty" at the Program.  (Am. Compl., ¶ 12).  For example, during Purcell's second year in the Program, Purcell alleges that he informed a Dean of the Program that he suffers from ADHD and Anxiety, and that this Dean informed other Deans at the Program about Purcell's disabilities.  (Am. Compl., ¶¶ 9, 10).  Purcell also alleges that his primary care physician, who had diagnosed him with ADHD and anxiety, practiced at the Student Medical Center at NYIT and was a professor at NYIT.  (Am. Compl., ¶ 11).

Although the Amended Complaint does not state any facts which allege that Purcell explicitly informed anyone at NYIT of his sexual orientation, he alleges that he was subjected to homophobic remarks because of his sexual preference.  (Am. Compl., ¶ 25).  For example, Purcell alleges that throughout his second year of the Program, he was subjected to unidentified

---

[2]   Any reference to such facts and citations alleged in the Amended Complaint are based on this obligation and are not to be construed as an admission by NYIT that any of the facts alleged in the Amended Complaint are true.

homophobic remarks during lectures provided by former Dean Scandalis and other staff members at NYIT. (Am. Compl., ¶ 25). Purcell alleges that NYIT faculty prepared and used clinical case studies where medical histories of patients included such diagnoses as "significant for homosexuality." (Am. Compl., ¶ 26). During a class lecture, Purcell alleges that he heard a professor use the terms "pitcher and catcher" to describe gay men. (Am. Compl., ¶ 26). Additionally, Purcell alleges that he was sent x-rated pictures on the phone application, Grindr, by an alleged NYIT employee, Dr. William Blazey. (Am. Compl., ¶ 24). Further, when Purcell met with the Student Progress Committee regarding his petition to be reinstated into the Program, a faculty member on the committee stated that Purcell "came out of the closet late." (Am. Compl., ¶ 43).

## II. PURCELL'S TERMINATION FROM THE PROGRAM

In the Amended Complaint, Purcell concedes that he failed three clerkships during his final year of the Program, including: (1) MTIM 808, Clinical Clerkship: Geriatric Medicine; (2) MTSU 818, Clinical Clerkship: Trauma Surgery; and (3) MTIM 809, Clinical Clerkship: Hematology/Oncology. (Am. Compl., ¶¶ 28, 38). On May 22, 2013, a disciplinary hearing before the Student Discipline Review Board (the "Review Board") was held regarding an allegation that Purcell had violated NYIT's Code of Conduct for Academic Honesty (the "Code"). (Am. Compl., ¶¶ 34-35). Following the disciplinary hearing, in a letter dated May 22, 2013, Dean Wolfgang G. Gilliar, D.O. ("Dean Gilliar") informed Purcell that the Review Board had determined that he had violated the Code. As a result, NYIT suspended him from the Program for a period of at least six months. (Am. Compl., ¶ 36). Dean Gilliar also allegedly informed Purcell that his return to the Program would be "contingent upon a complete review of evaluations of your fourth year clerkships and a psychiatric evaluation performed by a physician chosen by the College." (Am. Compl., ¶ 36).

In a letter dated June 3, 2013, Dean Gilliar informed Purcell that NYIT dismissed him from the Program based "upon a complete review of evaluations of your fourth year clerkships." (Am. Compl., ¶ 38). The letter further outlined the three clerkships Purcell failed as the basis for his dismissal. (Am. Compl., ¶38). Dean Gilliar also informed Purcell that he had the right "to petition to be reinstated to repeat the current curriculum, on academic probation, as a member of the following year's class," by writing a letter to the Dean of Student Affairs and meeting with the Student Progress Committee. (Am. Compl., ¶ 39).

On June 13, 2013, Purcell met with the Student Progress Committee regarding his request for reinstatement to the Program. (Am. Compl., ¶ 40). In a letter dated June 14, 2013, Dean Gilliar notified Purcell that the committee required "a psychiatric assessment at the Zucker Center before rendering their decision on your petition to return and repeat the fourth year." (Am. Compl., ¶ 40). In a letter dated August 28, 2013, Dean Gilliar advised Purcell that the Student Progress Committee had recommended upholding his dismissal from the Program without the opportunity for reinstatement and that Dean Gilliar was in agreement with the Committee's recommendation. (Am. Compl., ¶ 45).

By letter dated April 2, 2014, Plaintiff appealed his dismissal from the Program to Ronald Portanova, Ph.D., the Associate Dean of the Academic Affairs Division of NYIT. (Am. Compl., ¶ 46). Purcell's appeal was denied. (Am. Compl., ¶ 46).

### III. PURCELL'S CURRENT ACTION

Purcell commenced this action by filing a Complaint on or about May 13, 2016 in the Supreme Court of the State of New York, County of Richmond. NYIT removed the state court action to the United States District Court for the Eastern District of New York on June 28, 2016. Purcell filed the Amended Complaint on September 14, 2016. The Amended Complaint alleges five causes of action stemming from Purcell's enrollment in and termination from the Program.

Specifically, Purcell alleges that NYIT: (a) subjected him to disparate treatment, a hostile work environment and discriminatory treatment based on his alleged disability and perceived disability in violation of 42 U.S.C. § 12182 of the Americans with Disabilities Act (the "ADA"); (b) subjected him to discrimination and harassment based on sex in violation of Title IX of the Education Amendment, 20 U.S.C. §1681 ("Title IX"); (c) retaliated against him for complaining of discrimination and harassment based on sex in violation of Title IX; (d) subjected him to discrimination, including a hostile work environment and disparate treatment, based on his alleged disability, perceived disability and gender in violation of the New York State Executive Law § 296 (the "NYSHRL"); and (e) retaliated against him in violation of the NYSHRL. For the reasons set forth herein, the Amended Complaint should be dismissed.

## ARGUMENT

### I.  STANDARD FOR GRANTING A MOTION TO DISMISS

A complaint can survive a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) only if it "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 570 (2007)). Although a complaint need not make "detailed factual allegations," it must provide more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action. *Id*. at 677-687 (*quoting Twombly*, 550 U.S. at 555). A court should grant a motion to dismiss if the complaint provides factual allegations that lead to a "possible" but not "plausible" claim for relief. *Id.* at 678-79.

In evaluating a motion to dismiss, a court must "take all of the factual allegations in the complaint as true." *Id.* at 678. Furthermore, "the facts and allegations in the complaint must be viewed in a light most favorable to the plaintiff." *Omega Homes v. City of Buffalo*, 4 F.Supp.2d 187, 190 (W.D.N.Y. 1998), *aff'd*, 171 F.3d 755 (2d Cir. 1999), *cert denied*, 528 U.S. 874 (1999).

However, a court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (*quoting Twombly*, 550 U.S. at 556).

## II. PURCELL'S CLAIMS SHOULD BE DISMISSED AS HIS REMEDY TO CHALLENGE NYIT'S DECISION WAS TO COMMENCE A PROCEEDING UNDER ARTICLE 78 OF THE C.P.L.R.

The Amended Complaint should be dismissed as Purcell's remedy to challenge NYIT's decision to terminate him from the Program was to commence a proceeding pursuant to Article 78 of the C.P.L.R. within the applicable four-month statute of limitations. He failed to do so.

### A. Judicial Review of Academic and Administrative Decisions By NYIT is Limited to Article 78 Proceedings

The gravamen of Plaintiff's claims is a challenge to NYIT's decision to dismiss him from the Program. Pursuant to New York law, a student's claims concerning the propriety of his or her dismissal from a university based on academic and administrative reasons must be commenced as a proceeding under Article 78 of the C.P.L.R. *See Kickertz v. New York Univ.*, 110 A.D.3d 268 (1st Dep't 2013) ("To the extent [the unjust enrichment claim] is based on the allegation that plaintiff 'conferred a benefit upon NYU by paying tuition and fees to NYU in purported exchange for a DDS degree under the terms and conditions advertised to her in 2005, it challenges NYU's determination to expel her, and belonged in the Article 78 proceeding"); *Keles v. Trustees of Columbia Univ. in City of New York*, 74 A.D.3d 435 (1st Dep't 2010) (affirming dismissal of student's complaint arising out of his dismissal holding that "although plaintiff styled his claims as based on contract and tort, …[i]n essence, plaintiff challenges Columbia's academic and administrative standards and decisions…" and a review of plaintiff's challenge was "restricted to special proceedings under CPLR Article 78."); *Bottalico v. Adelphi Univ.*, 299 A.D.2d 443 (2d Dep't 2002) (affirming dismissal of breach of contract action because

plaintiff's claims concerning the university's decision to deny her admission to a doctoral psychology program should have been brought as an Article 78 proceeding); *Diehl v. St. John Fisher Coll.*, 278 A.D.2d 816 (4th Dep't 2000) (affirming dismissal of action commenced by nursing student against college holding that "[a] CPLR article 78 proceeding was the proper vehicle for challenging plaintiff's dismissal from defendant's nursing program" and plaintiff failed to commence an Article 78 proceeding within four months of his termination); *Demas v. Levitsky*, 291 A.D.2d 653, 660 (3d Dep't 2002) (dismissing breach of contract and negligence causes of actions because "[a]lthough couched in terms of 'contract' and 'tort' to avoid the applicable statutes of limitation, the claims are directed at Cornell's academic and administrative decision to reject plaintiff's administrative charges against Levitsky, which may be reviewed only in a CPLR article 78 proceeding"); *Miyahara v. Majsak*, 117 A.D.3d 812 (2d Dep't 2014) (affirming dismissal of breach of contract cause of action based on his dismissal from the Doctor of Physical Therapy Degree Program since plaintiff should have sought such relief in the context of a CPLR article 78 proceeding); *Frankel v. Yeshiva Univ.*, 37 A.D.3d 760 (2d Dep't 2007) (affirming dismissal of action challenging a plaintiff's termination from the defendant's clinical psychology program because it should have been brought as Article 78 proceeding which was time-barred).

Judicial "review of academic and administrative decisions at private educational institutions has been limited to Article 78 proceedings [which include:] 'grading disputes, **dismissals**, **expulsions**, suspensions, and decisions regarding whether a student has fulfilled the requirements of graduation.'" *Radin v. Albert Einstein Coll. of Med. of Yeshiva Univ.*, 2005 WL 1214281, at *10 (S.D.N.Y. May 20, 2005) (citations omitted) (emphasis added). The New York Court of Appeals has recognized that "the administrative decisions of educational institutions

involve the exercise of highly specialized professional judgment and these institutions are… better suited to make relatively final decisions concerning wholly internal matters" and has cautioned lower courts to "exercise () the utmost restraint in applying traditional legal rules to disputes within the academic community." *Maas v. Cornell Univ.*, 94 N.Y.2d 87, 92 (1999) (*quoting Gertler v. Goodgold*, 107 A.D.2d 481, 485 (1st Dep't 1985)).

Educational institutions are "peculiarly capable of making the decisions which are appropriate and necessary to their continued existence." *Id.* (*citing Gertler*, 107 A.D.2d at 485). As a result, "[c]ourts retain a 'restricted role' in dealing with and reviewing controversies involving colleges and universities," and "CPLR article 78 proceedings are the appropriate vehicle" for such controversies. *Radin*, 2005 WL 1214281, at *10 (*quoting Maas*, 94 N.Y.2d at 92). "Actions challenging 'the subjective professional judgments of trained educators'" are only subject to review under Article 78 and not in a plenary action. *Jennings v. Teachers Coll.*, 29 Misc. 3d 1236(A) (Sup. Ct., N.Y Co. 2010) (*citing Kraft v. Yeshiva Univ.*, 2001 WL 1191003, at *3 (S.D.N.Y. Oct. 5, 2001)). Under Article 78 of the C.P.L.R., review by a court is limited to determinations of "whether the decision was arbitrary, capricious, irrational or in bad faith." *Maas*, 94 N.Y.2d at 92.

    **B.    As NYIT Dismissed Purcell from the Program for Academic and Administrative Reasons, Purcell's Remedy Was to Commence an Article 78 Proceeding**

New York law also supports the dismissal of plenary challenges to university decisions to expel students based on academic and administrative reasons, even if the claims are couched in terms of discrimination, as the proper vehicle for challenging the decision is to commence an Article 78 proceeding. *See Gary v. New York Univ.*, 48 A.D.3d 235, 236 (1st Dep't 2008) ("In challenging the termination of her matriculation, along with allegations based on contract, tort

and racial discrimination, the pro se plaintiff should have brought a proceeding under CPLR article 78, rather than this plenary action (citations omitted).").

For example, in *Padiyar*, 2009 BL 88584, *1 (Sup. Ct., NY. Co. April 17, 2009), *aff'd* 73 A.D.3d 634 (1st Dep't 2010), the First Department held that a university decision based on academic and administrative reasons, though styled as a discrimination claim, must be commenced as an Article 78 proceeding. In that case, plaintiff, a former medical student, brought claims of discrimination pursuant to the NYSHRL and the New York City Human Rights Law and for breach of contract after previously filing an Article 78 proceeding. The lower court observed that plaintiff was impermissibly trying to "re-argue the university's determination, but this time alleging that the actions were founded on unlawful discrimination." *Id.* at *2. The lower court dismissed plaintiff's discrimination claims as they should have been asserted in an Article 78 proceeding. *Id.* at *3. The First Department upheld the lower court's decision finding that "[t]he instant plenary complaint, while couched in terms of unlawful discrimination and breach of contract, is in fact a challenge to a university's academic and administrative decisions and thus is barred by the four-month statute of limitations for a CPLR Article 78 proceeding, the appropriate vehicle for such a challenge." 73 A.D.3d at 635.

Similarly, in *Alrqiq v. New York Univ.*, 42 Misc. 3d 1225(A) (Sup. Ct., N.Y. Co. 2014), *aff'd* 127 A.D.3d 674 (1st Dep't 2015), the First Department held that an academic or administrative decision to dismiss a student from a university, while couched in terms of discrimination, must be brought as an Article 78 proceeding. In that case, plaintiff applied for, but was denied, admission to New York University's orthodontics residency program. Plaintiff alleged that he was discriminated against based on race, religion and national origin, because two less qualified international students were accepted into the program, as well as that another

student had expressed concerns to the school about an email message that plaintiff displayed on a projector during class.  *Id.* at *1.  The lower court dismissed plaintiff's plenary action, reasoning that it was "clear that the alleged discrimination complained of by plaintiff is a challenge to defendants' administrative investigation of a complaint made by a student, and plaintiff's failure to obtain admittance to defendant New York University's orthodontics residency program."  *Id.* at *2.  The First Department affirmed the lower court's dismissal of plaintiff's plenary action, holding that plaintiff's claims should have been brought as an Article 78 proceeding.  *Alrqiq*, 127 A.D.3d at 674-675.

Purcell's claims, while couched in terms of discrimination, are in fact a challenge to NYIT's academic and administrative decision to terminate him from the Program.  (Am. Compl., ¶47). Purcell concedes in the Amended Complaint that he failed three clerkships in his fourth and final year of the Program, part of the basis for NYIT's dismissal of Purcell from the Program. (Am. Compl., ¶38). Purcell also admits in the Amended Complaint that NYIT determined that Purcell violated NYIT's Code of Conduct for Academic Honesty.  (Am. Compl., ¶36). Claims based on alleged violations of school handbooks or by-laws, such as the Code, are subject only to review via an Article 78 proceeding.  *See Silverman v. New York Univ. School of Law*, 193 A.D.2d 411 (1st Dep't) (student's breach of contract claim based on alleged violations of student handbook was only reviewable via an Article 78 proceeding); *Byerly v. Ithica College*, 290 F.Supp.2d 301, 305 (N.D.N.Y. 2003) ("claims based upon the rights or procedures found in college manuals, by-laws and handbooks may only be reviewed by way of an Article 78 proceeding in New York Supreme Court."); *Flores v. New York Univ.*, 79 A.D.3d 502 (1st Dep't 2010) (Article 78 review of student's expulsion from dental college for cheating).  Although Purcell concludes that his termination was based upon discriminatory reasons, nowhere in the

Amended Complaint does Purcell set forth a single fact to support this claim.  Clearly, a decision to dismiss Purcell from the Program based on failing clerkships during his final year of the Program and violating school rules was academic and/or administrative in nature and, thus, subject to Article 78 review.  Purcell's challenge to his dismissal from the Program is now barred by the four-month statute of limitations.

Although certain courts have held that claims involving disciplinary determinations by a college or university are not required to be brought as an Article 78 proceeding, those cases are limited to ones that did not involve any academic issues.  *See Lane v. Pace Univ.*, 2012 WL 2064960, *1 (Sup Ct., N.Y. Co. May 31, 2012) (holding that since "Pace's disciplinary determination did not involve any academic issues, plaintiff is not required to assert his claim against Pace in an Article 78 proceeding."); *Pell v. Trustees of Columbia Univ.*, 1998 WL 19989 (S.D.N.Y. Jan. 21, 1998) (holding that plaintiff could maintain a breach of contract claim involving sexual harassment allegations rather than pursuing an Article 78 proceeding); *see also Eidlisz v. New York Univ.*, 15 N.Y.3d 730, 732 (2010) ("If, however, defendants' decision was in fact based upon plaintiff's academic performance, the action should have been brought as a proceeding under article 78, subject to review solely for arbitrariness or irrationality (citations omitted), and would be untimely.").

As set forth above, Purcell's dismissal from NYIT is directly related to his academic performance.  Purcell's failure of three clerkships during his fourth and final year of the Program and violation of NYIT's Code for Academic Honesty rendered him unfit to continue to pursue his medical degree at NYIT, and ultimately unfit to be conferred a medical degree by NYIT.  Clearly, a decision to dismiss Purcell based on failing clerkships and violating the Code is academic and/or administrative in nature and only subject to Article 78 review.  In summary,

NYIT's administrative and professional judgment is now being challenged by Purcell, which challenge should have been brought as an Article 78 proceeding.

## CONCLUSION

For the reasons set forth above, NYIT respectfully requests that this Court grant its motion to dismiss Purcell's Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6) in its entirety with prejudice, and award NYIT such other and further relief as this Court deems just and proper.

Dated: October 28, 2016
      New York, New York

                      Respectfully submitted,

                      CLIFTON BUDD & DeMARIA, LLP
                      *Attorneys for New York Institute of Technology*

By: _/s/ Douglas P. Catalano_____
       Douglas P. Catalano, Esq.
       Stefanie R. Munsky, Esq.
       Jamie Lang, Esq.
       The Empire State Building
       350 Fifth Avenue, Suite 6110
       New York, New York 10018
       (212) 687-7410