UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
JOHN PURCELL,

                        Plaintiff,

                -against-                      Civil Action No. 16-cv-3555 (JMA)(AKT)

NEW YORK INSTITUTE OF TECHNOLOGY-
COLLEGE OF OSTEOPATHIC MEDICINE,

                        Defendant.
-------------------------------------------------------------x

# DEFENDANT'S WRITTEN OBJECTIONS TO MAGISTRATE JUDGE A. KATHLEEN TOMLINSON'S REPORT AND RECOMMENDATION

Clifton, Budd & DeMaria, LLP
*Attorneys for New York Institute of Technology*
The Empire State Building
350 Fifth Avenue, Suite 6110
New York, New York 10118
Telephone:   (212) 687-7410
Facsimile:   (212) 687-3285

Of Counsel:
Douglas P. Catalano, Esq.
Stefanie R. Munsky, Esq.
Jamie Lang, Esq.

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................1

ARGUMENT...................................................................................................................................2

    I.    NYIT RESPECTFULLY REQUESTS THAT THE COURT MODIFY THE REPORT TO DISMISS PLAINTIFF'S REMAINING 2010-11 DISCRIMINATION CLAIMS AS THEY ARE UNTIMELY OR, IN THE ALTERNATIVE, ALLOW THE PARTIES TO FURTHER BRIEF THIS ISSUE .......................................................2

    II.    MAGISTRATE JUDGE TOMLINSON INCORRECTLY CONCLUDED THAT PLAINTIFF'S 2010-11 DISCRIMINATION CLAIMS DID NOT HAVE TO BE BROUGHT AS AN ARTICLE 78 PROCEEDING ................................................5

CONCLUSION.................................................................................................................................8

# **TABLE OF AUTHORITIES**

**CASES**

*Alriq v. New York Univ.*,
 42 Misc.3d 1225(A) (Sup. Ct., N.Y. Co. 2014), *aff'd*, 127 A.D.3d 674, 675
 (1st Dep't 2015) .................................................................................................. 7

*Cahill v. State*,
 139 A.D.3d 779, 780 (2d Dep't 2016) ................................................................. 3

*Davis v. Bryan*,
 810 F.2d 42, 44 (2d Cir. 1987) ............................................................................ 3

*Folkes v. New York College of Osteopathic Medicine of New York Institute of
 Technology*,
 214 F.Supp.2d 273, 288 (E.D.N.Y. 2002) ........................................................... 3

*Gary v. New York Univ.*,
 48 A.D.3d 235 (1st Dep't 2008) .......................................................................... 6

*Hunt v. Meharry Medical College*,
 2000 WL 739551, at *5 (S.D.N.Y. June 8, 2000) ................................................ 3

*Kickertz v. New York Univ.*,
 110 A.D.3d 268, 278 (1st Dept. 2013) ................................................................ 6

*Kropelnicki v. Siegel*,
 290 F.3d 118, 130 n.7 (2d Cir. 2002) .................................................................. 3

*Leonhard v. United States*,
 633 F.2d 599, 609 n.11 (2d Cir. 1980) ................................................................ 4

*Padiyar v. Albert Einstein Coll. of Medicine of Yeshiva Univ.*,
 2009 BL 88584, *2 (Sup. Ct., N.Y. Co. April 17, 2009),
 *aff'd* 73 A.D.3d 634, 635 (1st Dep't 2010) ......................................................... 6

*Radin v. Albert Einstein College of Medicine of Yeshiva Univ.*,
 2005 WL 1214281, *10 (S.D.N.Y. May 20, 2005) .............................................. 5

*Reches v. Morgan Stanley & Co., Inc.*,
 2017 WL 1379391 (2d Cir. April 14, 2017)(summary order) ............................. 4

*Santos v. District Council of New York City and Vicinity of United Brotherhood of
 Carpenters and Joiners of America, AFL-CIO*,
 619 F.2d 963, 967 (2d Cir. 1980) ........................................................................ 5

*Walters v. Industrial and Commercial Bank of China, Ltd.*,
 651 F.3d 280, 293 (2d Cir. 2011) ........................................................................ 4

**STATUTES**

20 U.S.C. § 1681 ............................................................................................................................. 1

28 U.S.C. § 636(b)(1) ..................................................................................................................... 1

42 U.S.C. § 12182 ........................................................................................................................... 1

New York State Executive Law § 296 ............................................................................................ 1

**PRELIMINARY STATEMENT**

Pursuant to Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b)(1), defendant New York Institute of Technology[1] ("NYIT") submits its written objections to that portion of Magistrate Judge A. Kathleen Tomlinson's August 4, 2017 Report and Recommendation (the "Report") denying NYIT's motion to dismiss plaintiff John Purcell's ("Plaintiff" or "Purcell") claims of disability, perceived disability and sex discrimination during the 2010 through 2011 academic year (the "2010-11 Discrimination Claims") in violation of 42 U.S.C. § 12182 of the Americans With Disabilities Act ("ADA"), 20 U.S.C. § 1681 ("Title IX") and New York State Executive Law § 296 (the "NYSHRL").  NYIT does not object to that portion of the Report granting NYIT's motion to dismiss Plaintiff's claims of discrimination and retaliation alleged to have occurred on or after May 22, 2013.

NYIT contends that Magistrate Judge Tomlinson erred in failing to dismiss all of Plaintiff's claims in the Amended Complaint and respectfully requests that the Court modify the Report and grant NYIT's motion to dismiss in its entirety.  All of Plaintiff's claims in the Amended Complaint, including the 2010-11 Discrimination Claims, should have been brought as a proceeding under Article 78 of the New York Civil Practice Law and Rules ("Article 78") and, thus, are time-barred under Article 78's four-month statute of limitations.

Plaintiff's remaining 2010-11 Discrimination Claims are also time-barred based on the applicable three-year statutes of limitations under the ADA, Title IX and the NYSHRL as this action was not commenced until May 2016.  Although Magistrate Judge Tomlinson declined to dismiss Plaintiff's remaining 2010-11 Discrimination Claims *sua sponte* on the grounds that NYIT

---

[1] The Amended Complaint improperly names Defendant New York Institute of Technology as "New York Institute of Technology-College of Osteopathic Medicine."  The College of Osteopathic Medicine is a college of NYIT, and not a separate legal entity.

did not raise this argument until its reply memorandum of law, NYIT respectfully requests that the Court modify the Report and dismiss these claims as the facts supporting NYIT's limitations defense are set forth in Plaintiff's Amended Complaint. (Am. Complaint, ¶¶ 13-27). It is only if the Court disagrees with NYIT's argument that all of Plaintiff's claims are time-barred under Article 78's four-month statute of limitations, that the three-year statutes of limitations under the ADA, Title IX and the NYSHRL apply, which was the basis for raising this argument on reply.

In the alternative, should the Court believe that this issue has not been addressed by both parties, NYIT respectfully requests that the Court modify the Report to set a briefing schedule that would allow the parties an opportunity to fully brief this issue. Should the Court decline to modify the Report, NYIT will certainly raise the statute of limitations affirmative defense in its Answer. This will require the parties to litigate the remaining 2010-11 Discrimination Claims, which will likely be dismissed on summary judgment on timeliness grounds. NYIT respectfully submits that this would be an exercise in futility for the parties and a waste of judicial resources.

## ARGUMENT

**I. NYIT RESPECTFULLY REQUESTS THAT THE COURT MODIFY THE REPORT TO DISMISS PLAINTIFF'S REMAINING 2010-11 DISCRIMINATION CLAIMS AS THEY ARE UNTIMELY OR, IN THE ALTERNATIVE, ALLOW THE PARTIES TO FURTHER BRIEF THIS ISSUE**

NYIT respectfully requests that the Court modify the Report to grant NYIT's motion to dismiss all of Plaintiff's claims in the Amended Complaint, including Plaintiff's remaining 2010-11 Discrimination Claims. Although NYIT respectfully disagrees with Magistrate Judge Tomlinson's conclusion that the 2010-11 Discrimination Claims did not have to be brought pursuant to an Article 78 proceeding, discussed below, assuming *arguendo* that the Report is correct on this issue, Plaintiff's remaining 2010-11 Discrimination Claims should still be dismissed as they are barred by the three-year statutes of limitations under the ADA, Title IX and the

NYSHRL. *See Hunt v. Meharry Medical College*, 2000 WL 739551, at *5 (S.D.N.Y. June 8, 2000)(confirming a three-year statute of limitations under the ADA); *Folkes v. New York College of Osteopathic Medicine of New York Institute of Technology*, 214 F.Supp.2d 273, 288 (E.D.N.Y. 2002)(confirming a three-year statute of limitations for Title IX claims); *Cahill v. State*, 139 A.D.3d 779, 780 (2d Dep't 2016)(confirming a three-year statute of limitations for NYSHRL claims).

In the Report, Magistrate Judge Tomlinson acknowledged that NYIT raised a timeliness argument under the ADA, Title IX and the NYSHRL, but declined to dismiss the remaining 2010-11 Discrimination Claims *sua sponte* on the basis that NYIT did not raise this argument until its reply papers and that the Court "ordinarily should not raise a statute of limitations defense *sua sponte*." *See* Report, pp. 27-28 (*citing Kropelnicki v. Siegel*, 290 F.3d 118, 130 n.7 (2d Cir. 2002)). NYIT does not dispute that it first argued that the 2010-11 Discrimination Claims are barred by the three-year statutes of limitations under the ADA, Title IX and the NYSHRL in its reply memorandum of law. NYIT believes that those claims are intertwined with Plaintiff's other discrimination and retaliation claims that Magistrate Judge Tomlinson correctly concluded should have been brought under Article 78 and, thus, are time-barred by its four-month statute of limitations.

NYIT respectfully disagrees, though, that the Court may not dismiss the remaining 2010-11 Discrimination Claims based on a limitations defense because the argument was not raised until NYIT's reply or because a dismissal would be on timeliness grounds. NYIT acknowledges that there are cases in this Circuit that assert that courts "ordinarily" should not raise a statute of limitations defense *sua sponte*, *see e.g. Davis v. Bryan*, 810 F.2d 42, 44 (2d Cir. 1987). However, the Second Circuit has also held that "[D]istrict courts may dismiss an action *sua sponte* on

limitations grounds in certain circumstances where 'the facts supporting the statute of limitations defense are set forth in the papers plaintiff himself submitted.'" *Walters v. Industrial and Commercial Bank of China, Ltd.*, 651 F.3d 280, 293 (2d Cir. 2011)(*citing Leonhard v. United States*, 633 F.2d 599, 609 n.11 (2d Cir. 1980)). For example, in *Reches v. Morgan Stanley & Co., Inc.*, 2017 WL 1379391 (2d Cir. April 14, 2017) (summary order), the Second Circuit recently upheld a district court's *sua sponte* dismissal of a claim on limitations grounds as all of the relevant facts were set forth in the complaint.

Here, there is no dispute from the face of the Amended Complaint that Plaintiff's 2010-11 Discrimination Claims are alleged to have occurred during Plaintiff's second year of medical school at NYIT during the 2010 through 2011 academic year. (Am. Complaint, ¶¶ 13-27). There is also no dispute that Plaintiff's 2010-11 Discrimination Claims under the ADA, Tile IX and the NYSHRL are subject to a three-year statute of limitations. Thus, as the action was not commenced until May 2016, there is sufficient evidence from the face of the Amended Complaint for the Court to conclude that Plaintiff's remaining 2010-11 Discrimination Claims are untimely and, as such, dismiss these claims.

In the event that the Court does not modify the Report to dismiss Plaintiff's remaining 2010-11 Discrimination Claims for exceeding the applicable statutes of limitations, NYIT respectfully requests that the Court modify the Report and set a briefing schedule that would allow Plaintiff the opportunity to oppose NYIT's statute of limitations argument and NYIT the ability to submit a reply. Thereafter, the Court can opine on this issue.

There is no dispute that should the Court deny NYIT's request to modify the Report, NYIT will have the opportunity to submit an Answer concerning the remaining 2010-11 Discrimination Claims and will raise a statute of limitations affirmative defense in this Answer. *See Santos v.*

*District Council of New York City and Vicinity of United Brotherhood of Carpenters and Joiners of America, AFL-CIO*, 619 F.2d 963, 967 (2d Cir. 1980)("The statute of limitations defense need not be raised in a pre-answer motion."). The parties will then have to engage in discovery and, thereafter, NYIT will move for summary judgment on timeliness grounds. Such motion will almost certainly be granted as Plaintiff concedes in the Amended Complaint that the 2010-11 Discrimination Claims are untimely under the ADA, Title IX and the NYSHRL. NYIT respectfully suggests that this would be a waste of the resources of the parties, as well as judicial resources.

Accordingly, NYIT respectfully requests that the Report be modified to dismiss the remaining 2010-11 Discrimination Claims or, in the alternative, to set a briefing schedule to permit the parties to fully brief the timeliness issue.

## II. MAGISTRATE JUDGE TOMLINSON INCORRECTLY CONCLUDED THAT PLAINTIFF'S 2010-11 DISCRIMINATION CLAIMS DID NOT HAVE TO BE BROUGHT AS AN ARTICLE 78 PROCEEDING

NYIT respectfully requests that the Court reject that portion of the Report that denied NYIT's motion to dismiss Plaintiff's discrimination claims during the 2010-11 calendar year. Contrary to Magistrate Judge Tomlinson's assertion, these claims are intertwined with Plaintiff's discrimination and retaliation claims directly challenging NYIT's academic and administrative determination to dismiss Plaintiff from the Program and, thus, should have been brought as an Article 78 proceeding.

As Magistrate Judge Tomlinson recognized in the Report, it is well-settled in New York that "review of academic and administrative decisions at private educational institutions has been limited to Article 78 proceedings." *Radin v. Albert Einstein College of Medicine of Yeshiva Univ.*, 2005 WL 1214281, *10 (S.D.N.Y. May 20, 2005). New York law also supports the dismissal of plenary challenges to university decisions to dismiss students based on academic and administrative reasons even though the claims are couched in terms of discrimination, as the proper

vehicle for challenging the decision is to commence an Article 78 proceeding. *Kickertz v. New York Univ.*, 110 A.D.3d 268, 278 (1st Dept. 2013) (*citing Gary v. New York Univ.*, 48 A.D.3d 235 (1st Dep't 2008)). *See Gary v. New York Univ.*, 48 A.D.3d 235, 236 (1st Dep't 2008); *Padiyar v. Albert Einstein Coll. of Medicine of Yeshiva Univ.*, 2009 BL 88584, *2 (Sup. Ct., N.Y. Co. April 17, 2009), *aff'd,* 73 A.D.3d 634, 635 (1st Dep't 2010); *Alriq v. New York Univ.*, 42 Misc.3d 1225(A) (Sup. Ct., N.Y. Co. 2014), *aff'd*, 127 A.D.3d 674, 675 (1st Dep't 2015).

Although Magistrate Judge Tomlinson correctly concluded that Plaintiff's discrimination claims that occurred "during the pendency of disciplinary proceedings" and were not brought in an Article 78 proceeding within four-months of NYIT's decision to dismiss Plaintiff from the Program were time-barred, NYIT respectfully disagrees with Magistrate Judge Tomlinson's conclusions that "[t]he incidents of alleged discrimination with took place during Plaintiff's second year of medical school – the 2010-2011 academic year – have no temporal nexus to the disciplinary proceedings and resulting decision to dismiss Plaintiff from NYIT which occurred more than two years later[,]" and "these allegations are not properly characterized as a direct challenge to NYIT's ultimate decision to dismiss Plaintiff, [and] a plenary action is the appropriate forum to pursue such claims." (Report, p. 27).

All of Plaintiff's claims, including his claims which allegedly occurred during the 2010-2011 academic year, clearly concern the propriety of NYIT's academic and administrative decisions and, as such, were to be commenced as a proceeding under Article 78 within four months of Plaintiff's dismissal from the Program. The four alleged instances of discrimination that occurred during the 2010-2011 academic year and which were excluded by Magistrate Judge Tomlinson's recommended dismissal, were cited by Plaintiff in the Amended Complaint to provide support for his challenge to the academic and/or administrative decision to dismiss him

from the Program, which he complains was discriminatory and in retaliation for his claims of discrimination. (Am. Compl. ¶ 27). The Amended Complaint alleges that NYIT dismissed him because they "were aware of Plaintiff's complaints of discriminatory comments, as multiple professors sat in on these meetings and retaliated against him as a result." (Am. Compl. ¶ 27). The Amended Complaint further alleges that "Plaintiff's termination by NYIT was discriminatory and retaliatory based on his disability, perceived disability, gender (sexual orientation) and complaints of discrimination (retaliation). (Am. Compl. ¶ 47). As such, the Court should modify the Report and dismiss Plaintiff's remaining 2010-11 Discrimination Claims and the Amended Complaint in its entirety.

For example, in *Alrqiq*, the plaintiff brought a plenary action alleging discrimination after he was denied admittance to New York University's orthodontics residency program in 2010. 42 Misc.3d 1225(A) at *1. Prior to the 2010 denial, in 2009, plaintiff had been investigated by the university based upon a student complaint concerning an email in plaintiff's inbox. *Id*. Plaintiff also claimed in this action that this investigation was discriminatory. The lower court decision, which was upheld by the First Department, determined that both of plaintiff's claims of discrimination were challenges to the university's academic and administrative decisions and were barred by the four-month statute of limitations for Article 78 proceedings. *Id.* at 2, *aff'd*, 127 A.D.3d 674 (2015). The lower court reasoned that "the complaint is clear that the alleged discrimination complained of by Plaintiff is a challenge to Defendants' administrative investigation of a complaint made by a student, and Plaintiff's failure to obtain admittance to defendant New York University's orthodontics residency program." *Id.* at 2. Similarly, here, the Amended Complaint is clear that the alleged discrimination complained of by Plaintiff, even in

the 2010 through 2011 academic year, is a challenge to NYIT's administrative and academic decision to dismiss him from the Program.

Accordingly, the 2010-11 Discrimination Claims should also be dismissed.

## CONCLUSION

For the reasons set forth herein, NYIT respectfully requests that the Court modify the Report to dismiss Plaintiff's 2010-11 Discrimination Claims and the Amended Complaint in its entirety or, in the alternative, to set a briefing schedule to allow the parties to fully brief NYIT's timeliness argument under the ADA, Title IX and the NYSHRL so that the Court can opine on the issue.

Dated: August 21, 2017
      New York, New York

Respectfully Submitted,

CLIFTON BUDD & DeMARIA, LLP
*Attorneys for New York Institute of Technology*

By: *Jamie Lang*
    Douglas P. Catalano
    Stefanie R. Munsky
    Jamie Lang
    The Empire State Building
    350 Fifth Avenue, Suite 6110
    New York, New York 10018
    Telephone:   (212) 687-7410
    Facsimile:    (212) 687-3285