UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
JOHN PURCELL,

                Plaintiff,                Docket No.: 16-CV-3555(JMA)(AKT)

  -against-

NEW YORK INSTITUTE OF TECHNOLOGY-
COLLEGE OF OSTEOPATHIC MEDICINE,

                Defendant,
----------------------------------------------------------X

## Plaintiff's Objections to Magistrate's Report and Recommendation
## Partially Granting Defendant's Motion to Dismiss

The Plaintiff, John Purcell, respectfully requests the District Court to review and reverse the Magistrate's Report and Recommendation ("R&R") to the extent that it dismissed Plaintiff's claims which occurred following the 2011 academic year following Defendant's Motion to Dismiss.

Purcell was a former medical student at NYIT's College of Osteopathic Medicine (the "Program") until his dismissal from the program in June 2013. Purcell timely commenced the instant action, alleging discrimination due to his disability and perceived disability, gender (sexual preference) and retaliation for his complaints of discrimination in violation of the Americans with Disabilities Act, 42 U.S.C. 12182 ("ADA"), Title IX of the Education Amendments of 1972, as amended, 20 U.S.C. 1681 *et seq.* ("Title IX") and the New York State Executive Law §296. ("NYSHRL")

Purcell's federal discrimination lawsuit set forth in the Amended Complaint is not barred by Article 78 of the New York State CPLR and is subject only to the three-year statute of limitations that governs Title IX, the ADA and the NYSHRL.

1

For the reasons set forth herein, Purcell requests that this Court reverse the R&R be reversed in regard to the dismissal of Plaintiff's discrimination and retaliation claims arising out of events following the 2011 academic year, including his dismissal and the appeal of his dismissal.

## ARGUMENT

### POINT I

### THE MAGISTRATE'S REPORT AND RECOMMENDATION (R&R) SHOULD BE REVIEWED DE NOVO

The filing of objections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." Thomas v. Arn, 474 U.S. 140, 147, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985). The Federal Magistrates Act requires a district court to "make a de novo determination *of those portions* of the [magistrate judge's] report or specified proposed findings or recommendations to which objection is made." 28 U.S.C.A. § 636(b)(1) (West 1993 & Supp.2005) (emphasis added); *accord* Fed.R.Civ.P. 72(b) ("The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, *of any portion* of the magistrate judge's disposition to which *specific written objection has been made*. . . .") (emphases added). When a party objects to a magistrate judge's report and recommendations on a dispositive motion, a district court must determine which parts of the report and recommendations are reviewed de novo. Dicta in a 1992 Western District of New York case, Camardo v. General Motors Hourly-Rate Employees Pension Plan, 806 F.Supp. 380 (1992). De novo review means that this court views the case from the same position as the district court. *See* Lawrence v. Dep't of Interior, 525 F.3d 916, 920 (9th Cir. 2008); *see also* Lewis v. United States, 641 F.3d 1174, 1176 (9th Cir. 2011). The appellate court must consider the matter anew, as if no decision previously had been rendered. *See* Freeman v. DirecTV, Inc., 457 F.3d

2

1001, 1004 (9th Cir. 2006). Review is "independent," see Agyeman v. INS, 296 F.3d 871, 876 (9th Cir. 2002), or "plenary," see Stilwell v. Smith & Nephew, Inc., 482 F.3d 1187, 1193 (9th Cir. 2007); United States v. Waites, 198 F.3d 1123, 1126 (9th Cir. 2000). No deference is given to the district court. See Barrientos v. Wells Fargo Bank, N.A., 633 F.3d 1186, 1188 (9th Cir. 2011); *Ditto v. McCurdy*, 510 F.3d 1070, 1075 (9th Cir. 2007); Rabkin v. Oregon Health Sciences Univ., 350 F.3d 967, 971 (9th Cir. 2003)

## POINT II

### APPLICABLE STANDARDS REGARDING A MOTION TO DISMISS

Under the Federal Rules, a claimant must provide a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). When deciding a motion to dismiss for failure to state a claim pursuant to Federal Rule 12 (b)(6), the court must accept as true all well-pleaded facts alleged in the complaint and draw all reasonable inferences in plaintiff's favor. See Kassner v. 2nd Ave. Delicatessen Inc., 496 F.3d 229, 237 (2d Cir. 2007)). In order to survive a motion to dismiss pursuant to Federal Rule 12(b)(6), a Plaintiff must plead enough facts to state a claim to relief that is plausible on its face. See Bell Atl Corp. v. Twombly, 550 U.S. 544, 570 (2007). A facially plausible claim is one where "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). Where the court finds well-pleaded factual allegations, it should assume their veracity and determine whether they "plausibly give rise to an entitlement to relief." Iqbal, 129 S. Ct. at 1950. In ruling on a motion to dismiss, a "court may consider the facts asserted within the four corners of the complaint together with the documents attached to the complaint as exhibits, and any documents incorporated in the complaint by

3

reference." Peter F. Gaito Architecture, LLC v. Simone Dev. Corp., 602 F.3d 57, 64 (2d Cir. 2010) (internal quotation and citation omitted).

## POINT III

### PLAINTIFF HAS PROPERLY COMMENCED THIS ACTION ALLEGING DISCRIMINATION PURSUANT TO THE ADA, TITLE IX AND NYSHRL

Title III of the ADA prohibits discrimination against individuals 'on the basis of disability in the full and equal enjoyment of the....services...of any place of public accommodation...'" Roberts v. Royal Atl. Corp., 542 F.3d 363, 368 (2d Cir. 2008). Courts "examine claims of disability discrimination pursuant to the ADA under the burden-shifting analysis established in McDonnell Douglas Corp v. Green, 411 U.S. 792 (1973).

It is undisputed that Title III of the ADA prohibits private colleges and universities from discriminating against people with disabilities. *See* 42 U.S.C. §§ 12182. While in the context of a graduate education setting, "a certain degree of deference is owed to the judgment of an academic institution," Plaintiff is no way precluded from asserting a disability discrimination claim against a private university. *See* Regents of University of Michigan v. Ewing, 474 U.S. 214 (1985); Doe v. New York Univ., 666 F.2d 761, 775-776 (2d Cir. 1981); Roggenbach v. Touro College of Osteopathic Medicine, 7 F. Supp. 3d 338 (SDNY 2014).

Additionally, Plaintiff has a right to pursue this action pursuant to Title IX of the Education Amendments Act of 1972, 20 U.S.C. § 1681 *et seq.* ("Title IX"). Title IX provides, in pertinent part: "No person in the United States shall, on the basis of sex, be excluded from participation in, be denied benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance." 20 U.S.C. § 1681(a). "Discriminatory actions restrict an individual in any way in the enjoyment of any advantage or privilege enjoyed by others receiving

4

any service, financial aid, or other benefit under the school system...Educational benefits include an academic environment free form [class-base] hostility. Zeno v. Pine Plains Cent. Sch. Dist,, 702 F.3d 655, 666 (2d Cir. 2012).

Plaintiff has set forth allegations of discrimination throughout his enrollment at NYIT and also clearly alleges that his dismissal from the Program was discriminatory and retaliatory in nature. While it was determined that Plaintiff's claim is merely a challenge to his dismissal as an academic determination, what is overlooked is his specific allegations that the dismissal was discriminatory (sexual orientation and disability) and gender.

Under the doctrine of preemption, based on the Supremacy Clause, federal law preempts state law, even when the laws conflict. (Article VI, U.S. Constitution). Plaintiff's Federal Law claims (ADA and Title IX) preempt state law and thus Plaintiff can maintain a federal plenary action challenging his dismissal from NYIT as discriminatory and retaliatory. The R&R errs in that, [t]he Court finds the reasoning in Kickertz to be persuasive and therefore applies it." Kickertz v. N.Y. Univ, 110 A.D.3d 268, 272, 971 N.Y.S.2d 271 (App. Div. 2013). As described in the R&R the petitioner in Kickertz, challenging her dismissal from NYU's Dental College, challenged her dismissal pursuant to Article 78, as well as through a plenary action. However, the plaintiff in Kickertz alleges only state law claims in her plenary action. As such, the Court dismissed the state law claims as "discriminatory acts….directly related to the academic or disciplinary determinations." Id. However, the reliance in the R&R on Kickertz fails to take into account the that this action is asserting federal claims. Thus, the preemption doctrine applies and thus the dismissal of Plaintiff's federal claims occurring on or after May 22, 2013 were improper.

During Purcell's fourth and final year as a medical student he failed three clerkships, however two of those clerkships were determined to be defective as clerkships by the School.

5

(Amd. Cmp. ¶ 28). Purcell addresses why his failures of the clerkship were not a legitimate reason for his dismissal and additionally sets forth the allegations of discrimination and retaliation.

On May 5, 2013 Purcell walked at his graduation from NYIT. It was not until, a week later, that Purcell was informed that he was scheduled for a disciplinary hearing on May 22, 2013 with the Student Discipline Review Board on May 22, 2013 based on an allegation that he violated the NYIT College of Osteopathic Medicine Code of Conduct for Academic Honesty. (Amd. Cmp. ¶¶ 34-35)

By letter dated May 22, 2013, from Dean Wolfgang G. Gilliar, D.O., Purcell was informed that, the Board has determined that you are guilty of violating the NYIT College of Osteopathic Medicine Code of Conduct for Academic Honesty. (Amd. Cmp. ¶ 36)

The Board is imposing the penalty of suspension for a period of at least six months as defined in the 2012-2013 Student Handbook as:

> **Suspension**- Suspension from academic enrollment and revocation of other privileges or activities and from the privilege to enter on the campus premises of related facilities for a period of time not to exceed two years. Criteria for return if appropriate will be specifically outlined in writing. Suspension becomes part of the student's permanent record.
> The potential return from the suspension is contingent upon a complete review of evaluations of your fourth year clerkships and a psychiatric evaluation performed by a physician chosen by the College. (Amd. Cmp. ¶ 36)

Defendant had no legitimate basis for conditioning his return from a suspension on the results of a psychiatric evaluation. By letter dated June 3, 2013, again from Dean Gilliar, Purcell was informed that the above conditions for possible return from a suspension outlined in the May 22, 2013 were contingent upon a complete review of evaluations of your fourth year clerkships. As a result, Purcell was dismissed from NYIT College Osteopathic Medicine. (Amd. Cmp. ¶¶

6

37-38)

According to the June 3, 2013 letter Purcell had the right, "to petition to be reinstated to repeat the current curriculum, on academic probation, as a member of the following year's class," by writing a letter to the Dean of Student Affairs and meeting with the Student Progress Committee. Purcell met with the Student Progress Committee on June 13, 2013, and Dean Gillar issued a letter on June 14, 2013 stating,

> Following your meeting with the Student Progress Committee on June 13, 2013 the committee is requiring a psychiatric assessment at the Zucker Center before rendering their decision on your petition to return and repeat the fourth year. I concur with their decision. (Amd. Cmp. ¶¶ 39-40)

Defendants' improperly based Purcell's Petition for Reinstatement on Purcell's mental health. In particular, the first questions posed by the Student Progress Committee on June 13, 2013, were those which probed Purcell's mental health situation. In particular, at the start of each committee meeting Atzinger would make everyone present aware of Purcell's medical history and that he was treating with Dr. Belkin. (Amd. Cmp. ¶ 41)

At this June 13th meeting, Dean Portanova compared Purcell to an old car, asking him, "would you really want to ride in it if it's just going to break down. I wouldn't get back in it if it had already broken down once." This comment was directly referencing Purcell's disability. (Amd. Cmp. ¶ 42)

Additionally at this June 13th meeting, when Purcell stated that he at times experienced anxiety, he had matured in medical school, to which a faculty member on the committee stated to the others that, he came out of the closet late, specifically referencing Purcell's sexual orientation. (Amd. Cmp. ¶ 43)

Purcell again met with the Student Progress Committee on August 15, 2013, and thereafter

7

had a personal meeting with Dean Gilliar on August 27, 2013. By letter dated August 28, 2013 Purcell was dismissed from the program by Dean Gilliar, who stated,

> After our meeting on August 27, 2013 and a careful review of your academic progress including consideration of the personal circumstances that may have contributed to your poor performance, I am upholding the recommendation of the Student Progress Committee that you be dismissed without the opportunity for re-instatement to repeat the year. I wish you well in your future endeavors. (Amd. Cmp. ¶¶ 44-45)

Purcell duly appealed the decision of Dean Gilliar, to Ronald Portanova, Ph. D., Associate Dean, Academic Affairs Division, by letter dated April 2, 2014. Purcell's appeal was denied. (Amd. Cmp. ¶ 46)

Purcell's termination by NYIT was discriminatory and retaliatory based on his disability, perceived disability, gender (sexual orientation) and complaints of discrimination (retaliation). Purcell was told by a Dean at NYIT that Purcell would not learn from any mistakes in his fourth year because Purcell was, "sick with something more difficult to live with than cancer." Purcell was also informed that the Deans, when speaking about Purcell, referred to him as a "bum," in reference to what they perceived to be a mental issues constituting a disability. (Amd. Cmp. ¶¶ 47-48)

Additionally, during the process to seek reinstatement, Purcell was asked by Dean Gregory Saggio, would you want yourself treating your own mother if she had a brain tumor," and then immediately asked Purcell what medications he was taking by stating, "what are you on?" Both were made in reference to Purcell's disability and perceived disability. Additionally, Dean Saggio asked Purcell if he ever stops taking medication or if he will ever be able to stop." Purcell assured him that Purcell's disability and any medication he took had no effect on his rotation failures. (Amd. Cmp. ¶ 49)

8

Thus it is clear that Plaintiff has set forth claims of discrimination and retaliation, which he is entitled to pursue under the ADA and Title IX. Again, the authority relied upon in the R&R supports the dismissal of state law claims when the appropriate cause of action in through an Article 78 proceeding (i.e. breach of contract, negligence, General Business Law etc.). Here, Plaintiff is entitled to maintain his federal causes of action, challenging his dismissal from NYIT as discriminatory and retaliatory.

## **CONCLUSION**

Plaintiff, respectfully submits requests the reversal of the R&R in that it dismissed Plaintiff's claims of discrimination and retaliation to the extent they occurred after the 2011 academic year.

Dated: New York, New York
August 21, 2017

                                          Respectfully submitted,

                                          STEWART LEE KARLIN
                                          LAW GROUP, P.C.

                                          s/ Daniel E. Dugan
                                          DANIEL E. DUGAN, ESQ.
                                          *Attorney for Plaintiff*
                                          111 John Street, 22nd Floor
                                          New York, N.Y. 10038
                                          (212) 792-9670