UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X  For Online Publication Only

JOHN PURCELL,  **ORDER**
                Plaintiff,  16–CV–3555 (JMA) (AKT)

              v.  FILED
 CLERK
NEW YORK INSTITUTE OF TECHNOLOGY-
COLLEGE OF OSTEOPATHIC MEDICINE,  9/18/2017 12:15 pm

                Defendant.  U.S. DISTRICT COURT
----------------------------------------------------------------X  EASTERN DISTRICT OF NEW YORK
 LONG ISLAND OFFICE

**AZRACK, United States District Judge:**

      Before the Court are both parties' objections to Magistrate Judge A. Kathleen Tomlinson's Report and Recommendation dated August 4, 2017 (the "R&R"). In the R&R, Judge Tomlinson recommended that defendant's motion to dismiss be granted in part and denied in part. In particular, Judge Tomlinson recommended that this Court: (1) grant defendant's motion with regard to plaintiff's claims involving discrimination and retaliation that occurred during the disciplinary process (the "2013–14 claims"); and (2) deny defendant's motion with regard to plaintiff's claims involving discrimination that occurred prior to the disciplinary process (the "2010–11 claims"). Having conducted a review of the full record and applicable law, for the following reasons, the Court adopts Judge Tomlinson's R&R in its entirety, as the opinion of the Court.

## I.  STANDARD OF REVIEW

      In reviewing a magistrate judge's report and recommendation, a court must "make a de novo determination of those portions of the report or . . . recommendations to which objection[s] [are] made." 28 U.S.C. § 636(b)(1)(C); see also Brown v. Ebert, No. 05–CV–5579, 2006 WL

1

3851152, at *2 (S.D.N.Y. Dec. 29, 2006). The court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Those portions of a report and recommendation to which there is no specific reasoned objection are reviewed for clear error. See Pall Corp. v. Entegris, Inc., 249 F.R.D. 48, 51 (E.D.N.Y. 2008).

## II. DISCUSSION

Upon a de novo review, the Court overrules the parties' objections and adopts Judge Tomlinson's recommendations. Each objection is discussed below.

### A. **Plaintiff's Objection**

Plaintiff objects to the portion of the R&R recommending dismissal of his 2013–14 claims. Plaintiff argues that his federal claims for discrimination should not be dismissed as time-barred by Article 78 because "[u]nder the doctrine of preemption, based on the Supremacy Clause, federal law preempts state law, even when the laws conflict." (Pl.'s Obj. 5, ECF No. 23.) Furthermore, plaintiff contends that the authority offered by defendant and relied upon in the R&R only supports the dismissal of his state law claims. (Id. at 5, 9.)

Plaintiff raises these arguments for the first time in his objection to the R&R. These arguments were absent from the briefing on the motion before Judge Tomlinson. As she observed,

> Plaintiff's opposition brief [on the motion to dismiss] does little to assist the Court in distilling the arguments here. Significantly, Plaintiff spent nine pages recounting the facts, followed by seven pages of "argument" which did little more than repeat those facts. Indeed, significant portions of the fact section were copied verbatim in the argument section.

(R&R at 14 n.5 (citations omitted).) Plaintiff only included one sentence in his opposition that substantively engaged with the authority cited by defendant. In that lone sentence, plaintiff wrote: "The authority cited by Defendant's [sic] is distinguishable in that none of the cases contain discrimination claims alleged under these same statutes and thus are inapplicable to the instant

2

matter," citing only three of the cases raised in defendant's motion—Silverman v. N.Y. Univ. School of Law, 597 N.Y.S.2d 314 (App. Div. 1st Dep't 1993); Byerly v. Ithaca College, 290 F. Supp. 2d 301 (N.D.N.Y. 2003); and In the Matter of Flores v. N.Y. Univ., 911 N.Y.S.2d 631 (App. Div. 1st Dep't 2010). (Pl.'s Opp'n 17–18, ECF No. 17.) As an initial matter, plaintiff's single-sentence argument is factually incorrect because several cases that defendant cited in its brief (and which are mentioned nowhere in plaintiff's opposition) did involve discrimination claims, including claims under the New York State Human Rights Law. (See Def.'s Mem. 6–9, ECF No. 16.) More importantly, plaintiff's single-sentence argument on this issue cannot reasonably be interpreted as raising the Supremacy Clause argument that he advances, for the first time in his objection.

The Court will not consider this argument on an objection because it was not properly presented to the magistrate judge in the underlying motion papers. See Wells Fargo Bank, N.A. v. Sinnott, No. 07-CV-169, 2010 WL 297830, at *2 (D. Vt. Jan. 19, 2010) (finding the reasoning of the First, Fifth, Ninth, Tenth, and Eleventh Circuits to be persuasive and concluding that a district court has the discretion to decline to consider an argument raised for the first time in an objection to a magistrate judge's report and recommendation); see also Amadasu v. Ngati, No. 05-CV-2585, 2012 WL 3930386, at *5–7 (E.D.N.Y. Sept. 9, 2012) (discussing Well Fargo Bank, N.A. and exercising discretion to decline to consider new arguments raised after R&R was issued). This argument having been waived, the Court overrules plaintiff's objection, adopts Judge Tomlinson's recommendation, and dismisses the 2013–14 claims.

**B. Defendant's Objection**

Defendant objects to the portion of the R&R recommending that the Court permit plaintiff's 2010–11 claims to continue. Defendant objects on two grounds: (1) the 2010–11 claims

are barred by the three-year statute of limitations governing federal and New York state discrimination claims; and (2) the 2010–11 claims are barred by the four-month statute of limitations governing Article 78 proceedings because these claims challenge defendant's academic and administrative decision to dismiss plaintiff. (Def.'s Obj. 2–5, 5–8, ECF No. 22.)

In the R&R, Judge Tomlinson declined to consider defendant's first argument—the three-year time bar—because it was raised for the first time in a footnote in defendant's reply brief. (R&R at 27.) Judge Tomlinson also declined to consider the issue sua sponte. (Id. at 28.) I find Judge Tomlinson's reasoning on these points persuasive and similarly decline to consider this argument at this time. Defendant may renew this statute of limitations defense at a later date.

On the other hand, Judge Tomlinson expressly rejected defendant's second argument—the four-month time bar—in the R&R. (Id. at 27.) Judge Tomlinson recognized that the amended complaint alleged that plaintiff was subjected to several incidents of discrimination during his second year of medical school. (Id.) These incidents, however, had "no temporal nexus to the disciplinary proceedings and resulting decision to dismiss Plaintiff . . . which occurred more than two years later." (Id.) Accordingly, Judge Tomlinson concluded that these claims could not be characterized as a challenge to the disciplinary process or decision to dismiss plaintiff. (Id.) Upon de novo review, I find this reasoning to be persuasive.

Accordingly, the Court overrules defendant's objection, adopts Judge Tomlinson's recommendation, and declines to dismiss the 2010–11 claims.

### III. CONCLUSION

For the reasons stated above, I overrule the parties' objections and adopt Judge Tomlinson's recommendations. Accordingly, plaintiff's 2013–14 claims are dismissed, while plaintiff's 2010–11 claims may continue.

A telephone status conference is hereby scheduled for September 26, 2017 at 11:30 AM. Plaintiff's counsel is directed to initiate the conference call and contact Chambers at 718-613-2530 when all parties are on the line. Any requests for adjournment must be made via letter filed on ECF at least two days in advance of the scheduled conference and must indicate which parties consent to the adjournment.

**SO ORDERED.**

Dated: September 18, 2017
Central Islip, New York

/s/ (JMA)
JOAN M. AZRACK
UNITED STATES DISTRICT JUDGE