UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------x
: 
JOHN PURCELL, :
:
         Plaintiff, : Civil Action No. 16-cv-3555 (JMA)(AKT)
:
    -against- : **ANSWER TO THE AMENDED**
: **COMPLAINT**
:
NEW YORK INSTITUTE OF :
TECHNOLOGY – COLLEGE OF :
OSTEOPATHIC MEDICINE, :
:
         Defendant. :
------------------------------------------------------x

Defendant New York Institute of Technology ("NYIT"), incorrectly named herein as "New York Institute of Technology – College of Osteopathic Medicine," by and through its attorneys, Clifton Budd & DeMaria, LLP, as and for its answer to Plaintiff John Purcell's ("Plaintiff") Amended Complaint (the "Complaint") alleges as follows:

## NATURE OF THE CLAIM

1. The allegations contained in paragraph 1 of the Complaint state the various laws and statutes under which Plaintiff brings this action and, accordingly, no responsive pleading is required. To the extent a response is required, NYIT denies that it violated any of the statutes, laws, regulations or common laws cited therein, denies Plaintiff's claims and denies that Plaintiff is entitled to any of the damages sought in this action.

## JURISDICTION AND VENUE

2. The allegations set forth in paragraph 2 of the Complaint contain conclusions of law to which no response is required. To the extent a response is required, NYIT denies the allegations set forth in paragraph 2 of the Complaint.

3. The allegations set forth in paragraph 3 of the Complaint contain conclusions of law to which no response is required. To the extent a response is required, NYIT denies the allegations set forth in paragraph 3 of the Complaint.

## PARTIES

4. The allegations set forth in paragraph 4 of the Complaint contain conclusions of law to which no response is required. To the extent a response is required, NYIT denies the allegations set forth in paragraph 4 of the Complaint, except denies knowledge or information as to the truth of the allegations concerning Plaintiff's residence and any alleged diagnosis of ADHD or anxiety. Admits that Plaintiff was a former student at NYIT's College of Osteopathic Medicine ("NYITCOM").

5. Denies the allegations set forth in paragraph 5 of the Complaint, excepts admits that NYITCOM is a medical college within NYIT, a private not-for-profit institution of higher education.

6. Denies the allegations set forth in paragraph 6 of the Complaint, except admits that Plaintiff was provided NYITCOM's student handbook and catalog, which contained NYITCOM's academic policies, non-discrimination policy and other policies.

7. Denies the allegations set forth in paragraph 7 of the Complaint.

## STATEMENT OF THE FACTS

8. Admits the allegations set forth in paragraph 8 of the Complaint.

9. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 9 of the Complaint.

10. Denies the allegations set forth in paragraph 10 of the Complaint.

11. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 11 of the Complaint, except admits that Dr. Carlos Magalhaes, the individual who Plaintiff contends was his primary care physician in paragraph 14 of the Complaint, is an Assistant Professor at NYITCOM and practiced at the Riland Academic Health Care Center.

12. Denies the allegations set forth in paragraph 12 of the Complaint.

**Second Year of Medical School**

13. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 13 of the Complaint.

14. Denies the allegations set forth in paragraph 14 of the Complaint, except admits that in or about the Fall 2010 Semester, Plaintiff met with Assistant Dean Claire Bryant, Assistant Dean Abraham Jeger, Assistant Dean Felicia Bruno and Associate Dean Mary Ann Achtziger and requested an excused absence from an exam due to certain alleged personal events, which NYITCOM granted.

15. Denies the allegations set forth in paragraph 15 of the Complaint, except admits that during this Fall 2010 Semester meeting it was suggested that Plaintiff meet with NYITCOM's learning specialist, Cheryl Newman.

16. Denies the allegations set forth in paragraph 16 of the Complaint, except admits that during this Fall 2010 Semester meeting, Plaintiff informed those present at the meeting that he was under the care of a psychiatrist.

17. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 17 of the Complaint.

18. Denies the allegations set forth in paragraph 18 of the Complaint.

3

19. Denies the allegations set forth in paragraph 19 of the Complaint.

20. Denies the allegations set forth in paragraph 20 of the Complaint.

21. Denies the allegations set forth in paragraph 21 of the Complaint.

22. Denies the allegations set forth in paragraph 22 of the Complaint, except admits that in or about the Fall 2010 Semester, Plaintiff brought to NYITCOM's campus a purported retired NYPD officer to meet with Assistant Dean Bruno and Associate Dean Achtziger.

23. Denies the allegations set forth in paragraph 23 of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth of what Plaintiff's roommate informed him.

24. Denies the allegations set forth in paragraph 24 of the Complaint.

25. Denies the allegations set forth in paragraph 25 of the Complaint.

26. Denies the allegations set forth in paragraph 26 of the Complaint.

27. Denies the allegations set forth in paragraph 27 of the Complaint.

**Fourth Year of Medical School**

28. Denies the allegations set forth in paragraph 28 of the Complaint, except admits that Plaintiff failed three clerkships during his fourth year at NYITCOM.

29. Denies the allegations set forth in paragraph 29 of the Complaint.

30. Denies the allegations set forth in paragraph 30 of the Complaint.

31. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 31 of the Complaint.

32. Denies the allegations set forth in paragraph 32 of the Complaint.

33. Denies the allegations set forth in paragraph 33 of the Complaint, except admits that Plaintiff failed Clinical Clerkship: Trauma Surgery during the Spring 2013 Semester.

34. Denies the allegations set forth in paragraph 34 of the Complaint, except admits that Plaintiff participated in NYITCOM's May 2013 graduation ceremony.

35. Denies the allegations set forth in paragraph 35 of the Complaint, except admits that on May 15, 2013, NYITCOM notified Plaintiff that he was required to meet with the Student Discipline Review Board on May 22, 2013. Further admits that the meeting was concerning an allegation that Plaintiff violated NYITCOM's Code of Conduct for Academic Dishonesty.

36. Denies the allegations set forth in paragraph 36 of the Complaint, except admits that Plaintiff cites to a May 22, 2013 letter from Dean Gilliar and respectfully refers the Court to the complete May 22, 2013 letter for a recitation of its contents.

37. Denies the allegations set forth in paragraph 37 of the Complaint.

38. Denies the allegations set forth in paragraph 38 of the Complaint, except admits that Plaintiff cites to a June 3, 2013 letter from Dean Gilliar and respectfully refers the Court to the complete June 3, 2013 letter for a recitation of its contents.

39. Denies the allegations set forth in paragraph 39 of the Complaint, except admits that the June 3, 2013 letter from Dean Gilliar to Plaintiff stated that Plaintiff could petition to be reinstated and respectfully refers the Court to the complete June 3, 2013 letter for a recitation of its contents.

40. Denies the allegations set forth in paragraph 40 of the Complaint, except admits that Plaintiff met with the Student Progress Committee on June 13, 2013 and that Plaintiff cites to a June 14, 2013 letter from Dean Gilliar to Plaintiff. NYIT respectfully refers the Court to the complete June 14, 2013 letter for a recitation of its contents.

41. Denies the allegations set forth in paragraph 41 of the Complaint.

42. Denies the allegations set forth in paragraph 42 of the Complaint.

5

43. Denies the allegations set forth in paragraph 43 of the Complaint.

44. Admits the allegations set forth in paragraph 44 of the Complaint.

45. Admits the allegations set forth in paragraph 45 of the Complaint.

46. Denies knowledge or information sufficient to forth a belief as to the truth of the allegations contained in paragraph 46 of the Complaint.

47. Denies the allegations set forth in paragraph 47 of the Complaint.

48. Denies the allegations set forth in paragraph 48 of the Complaint.

49. Denies the allegations set forth in paragraph 49 of the Complaint.

## AS AND FOR A FIRST CLAIM FOR RELIEF - ADA

50. Repeats each and every allegation, admission and denial contained in paragraphs "1" through "49" with the same force and effect as if fully set forth at length herein.

51. The allegations set forth in paragraph 51 of the Complaint contain conclusions of law to which no response is required. To the extent a response is required, NYIT denies the allegations contained in paragraph 51 of the Complaint.

52. The allegations set forth in paragraph 52 of the Complaint contain conclusions of law to which no response is required. To the extent a response is required, NYIT denies the allegations contained in paragraph 52 of the Complaint.

53. Denies the allegations set forth in paragraph 53 of the Complaint.

54. Denies the allegations set forth in paragraph 54 of the Complaint.

55. Denies the allegations set forth in paragraph 55 of the Complaint.

## AS AND FOR A SECOND CLAIM FOR RELIEF – TITLE IX - DISCRIMINATION

56. Repeats each and every allegation, admission and denial contained in paragraphs "1" through "55" with the same force and effect as if fully set forth at length herein.

57. The allegations set forth in paragraph 57 of the Complaint contain conclusions of law to which no response is required. To the extent a response is required, admits that NYIT receives federal funds.

58. Denies the allegations set forth in paragraph 58 of the Complaint.

59. Denies the allegations set forth in paragraph 59 of the Complaint.

60. Denies the allegations set forth in paragraph 60 of the Complaint.

61. Denies the allegations set forth in paragraph 61 of the Complaint.

62. Denies the allegations set forth in paragraph 62 of the Complaint.

## AS AND FOR A THIRD CLAIM FOR RELIEF - RETALIATION

63. Repeats each and every allegation, admission and denial contained in paragraphs "1" through "62" with the same force and effect as if fully set forth at length herein.

64. The allegations set forth in paragraph 64 of the Complaint contain conclusions of law to which no response is required. To the extent a response is required, admits that NYIT receives federal funds.

65. Denies the allegations set forth in paragraph 65 of the Complaint.

66. Denies the allegations set forth in paragraph 66 of the Complaint.

67. Denies the allegations set forth in paragraph 67 of the Complaint.

## AS AND FOR A FOURTH CLAIM FOR RELIEF AGAINST ALL DEFENDANTS – NYS EXECUTIVE LAW

68. Repeats each and every allegation, admission and denial contained in paragraphs "1" through "67" with the same force and effect as if fully set forth at length herein.

69. Denies the allegations set forth in paragraph 69 of the Complaint.

## AS AND FOR A FIFTH CLAIM FOR RELIEF – NYS EXECUTIVE LAW – RETALIATION

70. Repeats each and every allegation, admission and denial contained in paragraphs "1" through "69" with the same force and effect as if fully set forth at length herein.

71. Denies the allegations set forth in paragraph 71 of the Complaint.

The remainder of the Complaint constitutes a Demand for a Jury Trial and Prayer for Relief to which no responsive pleading is required. It is specifically denied that any action or inaction of NYIT entitles Plaintiff to the relief requested.

NYIT denies each and every allegation in Plaintiff's Complaint not expressly admitted herein.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

Plaintiff fails to state a claim upon which relief can be granted, in whole or in part.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred to the extent they were not filed within the applicable statutes of limitations and/or to the extent that Plaintiff failed to exhaust all administrative, statutory and/or jurisdictional prerequisites.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

Plaintiff is not entitled to the relief sought in the Complaint because Plaintiff failed to mitigate his damages.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

All actions taken by NYIT with regard to Plaintiff were taken for legitimate, non-discriminatory, non-retaliatory reasons.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff is seeking punitive damages in the Complaint, Plaintiff is not entitled to any punitive damages because Plaintiff has failed to plead sufficient facts to set forth a claim for punitive damages against NYIT under applicable law.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

Any claims by Plaintiff for punitive relief are barred, inasmuch as Plaintiff cannot show that NYIT showed willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of indifference to consequences.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

To the extent that NYIT's actions with regard to Plaintiff were motivated, in part, by unlawful reasons, which NYIT expressly denies, NYIT would have taken the same actions with respect to Plaintiff for legitimate, non-discriminatory, non-retaliatory reasons.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims in the Complaint have no basis in law or fact.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

NYIT enforced its anti-discrimination and anti-retaliation policies, and at all times acted, in good faith.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

NYIT exercised reasonable care to prevent and promptly correct any harassing behavior and Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by NYIT to avoid harm otherwise.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff cannot establish that he engaged in protected activity, that NYIT knew of any protected activity and/or that a causal connection existed between any alleged protected activity and any alleged adverse action.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims pursuant to Title III of the Americans With Disabilities Act fail to state a claim upon which relief can be granted as the Complaint seeks monetary damages, which are not an available remedy for purported violations of the applicable statute and/or regulations.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

The allegations in the Complaint, even if true, constitute nothing more than what a reasonable person would consider petty slights and trivial inconveniences.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

Without discovery, NYIT cannot determine the extent to which Plaintiff's Complaint may be barred by any remaining affirmative or other defenses. Thus, as separate and alternative defenses to Plaintiff's Complaint, NYIT reserves its right to assert all affirmative and other defenses as appropriate.

**WHEREFORE**, Defendant NYIT demands judgment dismissing the Complaint with prejudice, together with the costs and disbursements of this action, and awarding such other and further relief as this Court deems just and proper.

Dated: New York, New York
September 20, 2019

>Respectfully Submitted,
>
>CLIFTON BUDD & DeMARIA, LLP
>*Attorneys for Defendant*
>
>By: _____
>       Douglas P. Catalano
>       Stefanie R. Toren
>       350 Fifth Avenue, 61st Floor
>       New York, New York 10118
>       Phone: (212) 687-7410
>       Facsimile: (212) 687-3285
>       dpcatalano@cbdm.com
>       srtoren@cbdm.com