UNITED STATES DISTRICT COURT                    CIVIL CONFERENCE
**EASTERN DISTRICT OF NEW YORK**                **MINUTE ORDER**

BEFORE:   A. KATHLEEN TOMLINSON          DATE:   <u>10-1-2019</u>
          U.S. MAGISTRATE JUDGE           TIME:   <u>11:17 a.m. (21 minutes)</u>

### *Purcell v. New York Institute of Technology-College of Osteopathic Medicine*
### CV 16-3555 (JMA) (AKT)

TYPE OF CONFERENCE:          **STATUS CONFERENCE**

APPEARANCES:    Plaintiff:      Stewart Karlin

                Defendants:     Douglas Peter Catalano

FTR:   11:17-11:38

SCHEDULING:

    The Discovery Status Conference will be held on March 24, 2020 at 10:00 a.m.

THE FOLLOWING RULINGS WERE MADE:

1.    I spent some time today discussing the prospect of settlement.   Counsel indicated that some
      preliminary settlement discussions have occurred.   Counsel are exploring both monetary
      and non-monetary settlement options.   Defendants' counsel indicated that the non-
      monetary option would depend on the National Board of Medical Examiners ("NBOME")
      and agreed to reach out to the appropriate contact persons at NBOME to determine
      whether the non-monetary settlement would be a feasible option.   Defendants' counsel was
      requested to inform the plaintiff's counsel promptly if such an option was feasible.   Counsel
      were advised that the Court would be willing to conduct a settlement conference with the
      parties or refer them to the EDNY Court-annexed mediation program upon a joint request
      from the parties.

2.    Initial Disclosures pursuant to Rule 26(a) have been served by the plaintiff.   The defendants
      must serve their Rule 26(a) Initial Disclosures by October 4, 2019.

3.    To provide the parties with sufficient time to engage in settlement discussions, the Court is
      extending the discovery deadlines by 30 days as follows.

      a.    Requests for production of document and interrogatories must be served by
            December 6, 2019.

      b.    Responses to first requests for production of documents and first requests for
            interrogatories must be served by January 21, 2020.

4.    Plaintiff is directed to provide HIPAA-compliant records release authorizations to
      Defendant's counsel **<u>within 14 days</u>**.   Defendants' counsel is directed to serve those
      HIPAA releases as soon as they are received from the plaintiff.    If 60 days go by and
      defendants' counsel has not received the records and has made at least one follow-up

attempt with the provider without success, then defendants' counsel is directed to send the Court a short letter supplying the name of the provider and the provider's address. The Court will issue an immediate Order for counsel to serve on the provider. Defendants' counsel must be prepared to advise the Court at the March 24, 2020 Discovery Status Conference whether the defendants will be proceeding with a Rule 35 examination.

5.     The parties have met and conferred and have defined the parameters of the electronically stored information ("ESI") which may be relevant in this case. Counsel have agreed that electronically stored information ("ESI") shall be produced in hard copy unless production is so voluminous that it is not feasible. Alternatively, ESI shall be produced by the defendants in this case on a disc in .pdf format.

6.     The parties are directed to work on a proposed Stipulation and Order of Confidentiality that can be forwarded to me after execution by the parties to be reviewed and "so ordered." That Order will then become part of the Court record. The proposed stipulation is to be filed on ECF after the exchange of discovery. Counsel are reminded that the Stipulation and Order of Confidentiality must include the Court as one of the parties who may review confidential materials and must also annex an agreement to be bound.

7.     The deadline to make a formal motion under the Federal Rules to add parties or amend the pleadings is February 11, 2020. If the movant is unable to obtain consent to the amendment by way of Stipulation, then counsel must file his opening motion papers and memorandum of law by February 11. The parties are free to agree on a full briefing schedule with the understanding that the opening papers must be served by that date. The motion is returnable before me and counsel are encouraged to review my Individual Practice Rules which are available on the EDNY website.

8.     As set forth in my Individual Rules, as well as the CMSO entered today, **three business days before the March 24, 2020 Discovery Status Conference, the parties are directed to file a Discovery Status Report** setting forth the following information: (1) confirming that all paper production has been completed and that any objections to each other's productions have been resolved (and if not, state why not); (2) confirming that each party's interrogatory responses have been certified by the client as to their accuracy and completeness and that any objections to each other's interrogatory responses have been resolved (and if not, state why); (3) stating whether there are any outstanding discovery disputes; if so, each attorney must set forth the legal support for the position being taken on behalf of the client (i.e., provide the case citations for any cases relied upon to support the argument being made on behalf of the client and further state the proposition from that case which counsel asserts supports his/her argument); and (4) confirming that counsel have conferred with each other and reached an agreement concerning whom they wish to depose in the case, including both party and non-party witnesses, and providing the date on which the last deposition is tentatively scheduled to be taken. Once these four items have been addressed in the report, the parties are to confirm whether discovery is proceeding on schedule. If the parties have complied with the deadlines in the CMSO up to that point and if there are no outstanding discovery disputes pending, then counsel may file a joint Discovery Status Report (whoever files the Report must be certain to individually and specifically address the four categories listed above). If the parties are behind for any reason, or if there is an outstanding discovery dispute, then counsel will need to each file his/her own Discovery Status Report in order to include the reasons why the parties are behind and/or to provide the case citations supporting counsel's argument regarding the

pending discovery dispute.   **NOTE**: Any status report that does not specifically and individually address the four categories noted above will be returned to the parties as non-compliant.

**The remainder of the pre-trial discovery deadlines will be set in place at the March 24, 2020 Discovery Status Conference and will appear in the Final CMSO entered that day.   The parties must be prepared to advise the Court at that time of the status of depositions, whether they intend to retain any experts, and the identity of such experts.   The discovery cut-off date is November 14, 2020.**

9.    In accordance with Local Rule 37.3, the parties are obligated to meet and confer in good and faith to resolve any outstanding discovery disputes.   If the parties cannot resolve the dispute among themselves the parties should seek judicial intervention by filing an appropriate letter motion as expeditiously as possible.   Any motion seeking Court intervention in a discovery dispute must contain a certification that the parties have complied with Local Rule 37.3 and an explanation of how they have done so.   Failure to comply with the certification requirement will result in the motion being returned to the moving party.   Counsel are hereby on notice that unless they advise the Court that they have had an actual conversation with each other in an attempt to resolve the discovery dispute at issue, the motion papers will be returned to them until such time as they can certify that they have had such a working conversation (**_not_** merely an exchange of e-mails or letters).

10.    If an attorney has objections to opposing counsel's response to a document demand or interrogatory and/or is seeking to compel responses to a specific document demand or interrogatory, counsel, after complying with Local Civil Rule 37.3, must also comply with Local Civil Rule 37.1 which directs how this information is to be presented to the Court. Discovery motions brought under Rule 37.1 are exempt from the three-page limitation on discovery motions so that the movant can comply with Rule 37.1.

11.    Under existing Second Circuit case law, any amendments or modifications to this Order or to the accompanying CMSO must be approved in advance by the Court.   Therefore, the parties are not free to grant each other extensions of any deadline set forth in these Orders. Nor is any party free to ignore a deadline and not bring that information to the attention of the Court in a timely manner.   **All requests for extensions or modifications of any deadlines stated in these Orders must be made by letter motion to the Court at least 48 hours in advance of the expiration of the deadline, unless otherwise directed by the Court.**   The parties are directed to my Individual Practice Rules for further information.

SO ORDERED

/s/ A. Kathleen Tomlinson
A. KATHLEEN TOMLINSON
U.S. Magistrate Judge